### *In re* APPROVAL OF MEDICAL CERTIFICATES OF INSANITY.

*(City Court of New York, General Term.   December 12, 1889.)*

INSANITY—APPROVAL OF MEDICAL CERTIFICATES—CONSTRUCTION OF STATUTE.
   Acts N. Y. 1874, c. 446, provides that no person can be confined as a patient in an asylum for the insane except upon the certificate of two duly-qualified physicians, setting forth the insanity of such person; and the confinement cannot exceed five days, unless within that time the certificate shall be approved by a judge of a court of record of the county in which the lunatic resides. *Held*, that the physicians may unite in one certificate, or each may make one, which need not be sworn to on the same day, or before the same judge, it being a compliance with the statute if the certificates are approved of within five days.

Case submitted upon agreed statement.

Certain institutions for the insane having refused medical certificates on the ground that they were approved on different days and by different judges, the question of their validity has been submitted to the court.

Argued before McADAM, C. J., and NEHRBAS, EHRLICH, McGOWN, and HOLME, JJ.

PER CURIAM.  Under Act of 1874, c. 446, no person can be confined as a patient in an asylum for the insane except upon the certificate of two duly-qualified physicians, setting forth the insanity of such person.   The confinement cannot exceed five days, unless within that time the certificate shall be approved by a judge of a court of record of the county in which the alleged lunatic resides.   The certificate of the physicians is not a commitment, nor does the approval of the judge make it a commitment.   The certificate, in the first instance, is a mere justification for receiving the patient, and the approval, authority for detaining him over five days.   No term of confinement is mentioned in the statute or certificate, and it is the duty of those in charge to see that the patient is discharged whenever his condition warrants a discharge.   The patient is confined, not for crime, but for the safety of himself and the public, and as soon as it is ascertained that the cause of restraint is removed he should be discharged.   A sane person cannot be deprived of his liberty under this statute.   The physicians are not judicial officers, but act as medical experts, and are liable for failure to use the care and skill which their profession *per se* implies they will bring to their professional work.   *Ayers* v. *Russell*, 3 N. Y. Supp. 338.   The judge approving the certificate acts judicially.   Id.   The two physicians may unite in one certificate, or may make two.   Where they differ in their diagnosis of the case, but agree that the patient is of unsound mind, two certificates are necessary, for each must contain the reasons which lead to the result arrived at.   Where there are two certificates, they need not be sworn to on the same day, or before the same judge.   The law does not regard the *personnel* of the judge, but his authority, nor does it require the certificate to be sworn to at the same time.   The statute is satisfied if the "certificate" is approved of within five days, and in the use of this term the plural is included within the singular.   In this view of the law, the certificates already approved are valid, and answer all the requirements of the law.   All concur.